IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY L. PICKERING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:22-cv-295-EM |
| ) | (WO) |
| LIONEL W. NOONAN, Jr., D.B.A., ) | |
| LIONEL W. NOONAN, Jr., DMD, P.C. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Before the Court is plaintiff Wendy L. Pickering's motion to remand. (Doc. 11). Plaintiff originally filed this action in the Circuit Court of Baldwin County. It was removed to this Court by defendants Lionel W. Noonan, Jr., and Lionel W. Noonan, Jr., DMD, P.C. (collectively, "Defendants") on the basis of federal-question jurisdiction. (Doc. 1). The day after removal, the Defendants filed an answer to Plaintiff's complaint. (Doc. 2). Plaintiff then filed an amended complaint (doc. 10) and moved to remand the case back to state court (doc. 11) because, she asserts, her amended complaint no longer contains a federal claim and proceeds only on state-law claims. Defendants argue that because this Court had subject-matter jurisdiction over the original complaint under 28 U.S.C. § 1331 and § 1367 at the time of removal, it should elect to maintain supplemental jurisdiction, pursuant to § 1367(c), over the state-law claims in the amended complaint. The Defendants point out that "Plaintiff's theory depends heavily on the interpretation of federal law as a

foundation for her state law claims," (doc. 14 at 3) noting that she references federal law throughout the amended complaint. While the Plaintiff does exclusively reference federal law in the amended complaint, she appears to simply lament the lack of protection under federal law, as opposed to stating a cause of action under it. The amended complaint lacks clarity as to the specific causes of action asserted therein. Other than a cause of action for breach of contract, it is difficult to discern under what state law Plaintiff asserts causes of action. However, a breach of contract claim clearly arises under state law, and the Court takes Plaintiff at her word that she "is not alleging any claims pertaining to federal law." (Doc. 10 at 9). In the interests of judicial comity, therefore, this Court declines to exercise supplemental jurisdiction and will remand the case.

## II. BACKGROUND

Plaintiff alleges she was unlawfully terminated by her previous employers, the Defendants, on or about August 24, 2021. She filed this action on June 14, 2022, in the Circuit Court of Baldwin County, alleging breach of contract, discrimination, retaliation, and termination adverse to Alabama's public policy. She appears to have asserted federal claims pursuant to 42 U.S.C. § 1983 for violation of her rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution. Based on these claims, the Defendants removed the case to this Court on July 28, 2022, and on July 29, 2022, the Defendants filed an answer to Plaintiff's complaint. On August 19, 2022, twenty-one days after the Defendants' answer, Plaintiff filed an amended complaint, wherein she dropped her federal claims and moved this Court to remand the case to state court.

The amended complaint alleged the same four causes of action as the original complaint but relied solely on Alabama Senate Bill No. 9 (Ala. Nov. 4, 2021)—instead of 42 U.S.C. § 1983—as the basis for her discrimination claim. The Defendants contend that amending her complaint was an act of forum shopping intended to purposefully defeat federal jurisdiction. Even so, they argue that this Court remains the proper venue for this case because the amended complaint cites multiple federal cases and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, to support the Plaintiff's argument.

Plaintiff, however, contends that because she omitted the discrimination claim under § 1983 in the amended complaint, no federal cause of action remains in this case. She argues that rather than being an act of forum shopping, she intended the amended complaint to clarify that Plaintiff seeks redress under Alabama law alone and asks Alabama courts to address the alleged lack of protection offered by Alabama employment law. Remand, according to Plaintiff, is therefore proper to permit the Alabama court system to interpret its own laws.

### III. DISCUSSION

It is this Court's duty to examine the issue of subject-matter jurisdiction at the earliest possible time. *See ACLU of Fla. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017). This Court finds that removal was proper, and that the Court has subject-matter jurisdiction based on 28 U.S.C. § 1331 because the complaint, at the time of removal, contained claims arising under the Constitution or statutes of the United States. (Doc. 1-1 at 11); *see Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) ("[S]ubsequent

acts do not divest the court of its jurisdiction over the action.").[1] Although the Plaintiff dropped her federal claims in the amended complaint, the Court maintains supplemental jurisdiction over the state-law claims as provided by 28 U.S.C. § 1367(a). District courts, however, have discretion to decline to exercise jurisdiction over supplemental state-law claims once the federal claims have been dismissed from a case. *Behlen*, 311 F.3d at 1095. Remand of the remaining state-law claims is proper where "considerations of judicial economy, convenience, fairness, and comity" weigh in favor of the remand. *See Ameritrox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 537 (11th Cir. 2015).

Because no federal-law claim remains in the amended complaint, the Court declines to exercise supplemental jurisdiction and finds that the remaining state-law claims are due to be remanded pursuant to 28 U.S.C. § 1367(c)(3). *See A.W. v. Tuscaloosa City Schs. Bd. of Educ.*, 744 F. App'x 668, 671 (11th Cir. 2018). Plaintiff timely amended her complaint under Rule 15 of the Federal Rules of Civil Procedure because she submitted the amended pleading within twenty-one days of the Defendants' answer. *See* Fed. R. Civ. P. 15(a)(1)(B). Once she amended the complaint to remove any federal cause of action, "the original complaint was superceded," *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007), and this Court has the "discretion to retain jurisdiction over the state law claims." *Behlen*, 311 F.3d at 1095.

The Court concludes, in its discretion, that this matter should be remanded in the interest of judicial comity to avoid "needless decisions of state law" by a federal court,

---

[1] Indeed, the Plaintiff asserts in the amended complaint that "[t]his Court has jurisdiction in this cause"; although she goes on to erroneously cite to the Alabama Rules of Civil Procedure. (*See* Doc. 10 at 2).

4

given that all federal claims for relief have been dismissed. *Ameritrox*, 803 F.3d at 540 (alteration adopted) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Interests of comity are heightened here because Plaintiff asks the Court to clarify the "protections, privileges, and rights" afforded to employees under Alabama law. (*See* Doc. 10 at 5). Alabama courts, "not federal courts, should be the final arbiters of" their law. *See Ameritrox*, 803 F.3d at 540 (quotation omitted).

Although the Defendants accuse Plaintiff of forum shopping, the Plaintiff is the master of her complaint and originally filed this case in state court. The amended complaint emphasizes and clarifies that the substantive claims for relief are sought exclusively under Alabama law. Further, this case is in its infancy, so issues of judicial economy support remand. The Court concludes, therefore, that the proper forum to address these Alabama causes of action is the Alabama court system.

## IV. CONCLUSION

Based on the foregoing considerations, the Court declines to exercise supplemental jurisdiction pursuant to § 1367(c). Therefore, for the reasons stated and for good cause, it is

ORDERED that Plaintiff's motion to remand (doc. 11) is GRANTED and this case is REMANDED to the Circuit Court of Baldwin County, Alabama.

Done this 16th day of September, 2022.

                                                /s/ Emily C. Marks  
                                                EMILY C. MARKS  
                                                CHIEF UNITED STATES DISTRICT JUDGE